In re Petition for DISCIPLINARY ACTION AGAINST Judeth A. CHRISTIANSON, a Minnesota Attorney, Registration No. 201583.

No. A08–843.

Supreme Court of Minnesota.

Oct. 29, 2009.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition and amended and supplementary petition for disciplinary action alleging that respondent Judeth A. Christianson committed professional misconduct warranting public discipline, namely, failure to communicate with a client in violation of Minn. R. Prof. Conduct 1.3; failure to return client property in violation of Minn. R. Prof. Conduct 1.15(c)(4); failure to clearly communicate in a writing signed by the client that the fee paid by the client was nonrefundable, in violation of Minn. R. Prof. Conduct 1.5(b); practicing law while on CLE-restricted status, in violation of Minn. R. Prof. Conduct 5.5(b)(2); failure to communicate with client or complete the representation in violation of Minn. R. Prof. Conduct 1.4 and 1.3; and failure to cooperate with the Director's investigation, in violation of Minn. R. Prof. Conduct 8.1(a)(3), 8.1(b), and 8.4(d) and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent waives her procedural rights under Rule 14, RLPR, and admits the allegations of the amended and supplementary petition. The parties jointly recommend that the appropriate discipline is a public reprimand and two years of probation should petitioner, who has been on CLE-restricted status since July 31, 2006, and has been fee-suspended since January 1, 2007, decides to resume the practice of law. The parties further recommend that respondent's probation be unsupervised unless respondent resumes a solo practice.

The court has independently reviewed the file and approves of the recommended discipline.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Judeth A. Christianson is publicly reprimanded. Respondent shall pay $900 in costs and $166.38 in disbursements pursuant to Rule 24, RLPR. Should respondent resume the practice of law, respondent shall be placed on probation for a period of two years, subject to the following conditions:

a. Respondent shall notify the Director at least 30 days prior to resuming the practice of law. Respondent shall cooperate fully with the Director's efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. If, at any time during the term of her probation, respondent engages in the practice of law as a solo practitioner, respondent's probation shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor

compliance with the terms of this probation. Respondent shall be subject to the following additional conditions:

(1) At least 30 days before engaging in the practice of law as a sole practitioner, respondent shall provide the Director with the names of three attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (2) below. Respondent shall make active client files available to the Director upon request.

(2) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall submit an inventory of all active client files to the supervisor. With respect to each active client file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(3) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every client file and completes legal matters on a timely basis.

(4) Within 30 days of commencing the solo practice of law, respondent shall provide the Director and the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent complies with probation requirements. Respondent shall provide progress reports as requested.

(5) Respondent shall initiate or continue treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, and shall complete all therapy programs recommended by the therapist.

BY THE COURT:

/s/Alan C. Page
Associate Justice